**Reversed and Remanded and Memorandum Opinion filed March 3, 2022.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-20-00744-CV

### REPUBLICAN PARTY OF TEXAS, Appellant

### V.

### HOUSTON FIRST CORPORATION, Appellee

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2020-40850**

## MEMORANDUM OPINION

Appellant Republican Party of Texas appeals the trial court's rendition of a take-nothing summary judgment on the Republican Party's breach-of-contract claims against appellee Houston First Corporation.[1] In two issues, the Republican

---

[1] The Republican Party originally brought claims against the City of Houston, Mayor Sylvester Turner, and Brenda W. Bazan, president of Houston First, in addition to Houston First. On the Republican Party's motions, the trial court dismissed the claims against Turner, the City, and Bazan without prejudice before signing its summary judgment. The summary judgment states that "all of Plaintiff's claims against Defendants in this case are hereby dismissed with prejudice." The record indicates that this is a final judgment. At the time of the trial court's

Party argues Houston First did not prove its force majeure defense as a matter of law. Specifically, the Republican Party's two issues challenge the two force majeure occurrences relied on by Houston First in its summary-judgment motion: (1) a pandemic affecting Houston and (2) an order by the governor materially and substantially restricting the size of gatherings at the George R. Brown convention center. We reverse and remand for further proceedings.

## I.    BACKGROUND

The Republican Party signed a license agreement with Houston First to rent the George R. Brown convention center for its 2020 convention. The agreement contains a force majeure clause. The clause defines what constitutes a force majeure "occurrence" for purposes of the agreement. The agreement also specifies when and how a party may terminate the agreement due to a force majeure occurrence:

> (b) Either party may terminate this Agreement or suspend its obligations hereunder due to Force Majeure to the extent that such occurrence is beyond the reasonable control of the party whose performance is affected on such affected party's giving notice and full particulars to the other party of such Force Majeure as soon as practicable, but no later than 7 calendar days after the occurrence of the cause relied upon.

The parties later signed an amendment to the agreement that specified that certain events were within the scope and definition of force majeure for purposes of the agreement, including "[p]andemics affecting Houston" and "orders materially and substantially restricting the size of gatherings at the [convention

---

summary judgment, the only claims remaining were those against Houston First; Houston First did not file any counterclaim or other claim for affirmative relief against the Republican Party. Accordingly, while the trial court's judgment does not explicitly state it is a final judgment disposing of all claims, because it does in fact dispose of all claims it is final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

2

center] issued by the . . . Governor of the State of Texas."

On July 8, 2020, less than a week before the Republican Party's convention was scheduled to begin, Houston First terminated the license agreement. The Republican Party brought this lawsuit claiming breach of the agreement. Houston First filed a motion for traditional summary judgment, arguing the force majeure clause excused its performance as a matter of law. The trial court granted the motion and rendered a take-nothing judgment on the Republican Party's claims.

## II.    ANALYSIS

In its summary-judgment motion, Houston First argued two force majeure "occurrences" excused its performance under the force majeure clause: (1) a pandemic affecting Houston and (2) an order issued by the Texas governor materially and substantially restricting the size of gatherings at the convention center. Regarding its burden of proof, in the trial court Houston First argued it "only has to invoke the Force Majeure provision, based on an agreed upon and contracted for occurrence, and that occurrence must be beyond the reasonable control of Houston First, and Houston First must give [the Republican Party] notice of nonperformance."

On appeal, the Republican Party challenges both force majeure occurrences raised by Houston First in the trial court, arguing, among other things, that Houston First did not prove any causal connection between these occurrences and its nonperformance under the agreement. Specifically, the Republican Party argues that, while "Texas law also looks for a causal connection between the force majeure event and the performance[,] . . . none of the specifics [Houston First] identif[ies] create any causal connection between COVID-19 and the impossibility or the prevention of having an in-person convention." While we do not follow the precise formulation argued by the Republican Party, the arguments made by the

3

Party are sufficient to "acquaint the court" with the causation issue on which this appeal turns. Tex. R. App. P. 38.9 (briefing rules to be construed liberally). We further note that, while the Republican Party did not make its causation argument in its summary-judgment response, typical preservation rules do not apply in the summary-judgment context. *Cf.* Tex. R. App. P. 33.1. Rather, "an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment" need not be preserved in the trial court to be argued on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) ("[T]he non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right[.]") (citing *Clear Creek Basin*, 589 S.W.2d at 678).

Turning to the merits of the causation argument, "[t]he scope and effect of a 'force majeure' clause depends on the specific contract language, and not on any traditional definition of the term." *Virginia Power Energy Mktg., Inc. v. Apache Corp.*, 297 S.W.3d 397, 402 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 219 (Tex. 2003) (rules of contract interpretation require contracting parties' intent be determined based on language included in contract, not by "definitions not expressed in the parties' written agreements"). Accordingly, we look to the force majeure provision of the agreement to determine what elements Houston First had to prove as a matter of law to succeed on its summary-judgment motion. *See id.* Among other things, the force majeure provision provides that a party may terminate the agreement due to a force majeure occurrence "to the extent that such occurrence is beyond the reasonable control of the party whose performance is affected on such affected party's giving notice." This language requires, at the

least, some showing of a causal connection between the force majeure occurrence and the termination of the agreement, namely that the terminating party's "performance" was "affected" by the force majeure occurrence at issue.

Houston First, however, did not argue in its summary-judgment motion that its performance was affected by a force majeure occurrence. Rather, Houston First implicitly took the position in the trial court that no proof of that element was required. This court reviews summary judgments under the "rigorous" standards set forth in Texas Rule of Civil Procedure 166a(c). Tex. R. Civ. P. 166a(c); *see McConnell*, 858 S.W.2d at 341 ("Although Rule 166a(c) is an admittedly rigorous rule, it must be applied as written."). Central among the requirements of Rule 166a(c) is that the grounds for summary judgment must be "expressly set out in the [summary-judgment] motion." Tex. R. Civ. P. 166a(c). In other words, a summary-judgment motion "must stand or fall on the grounds expressly presented in the motion." *McConnell*, 858 S.W.2d at 341. Here, Houston First omitted from its motion a required element for proving its force majeure defense. Accordingly, because not all necessary grounds were expressly presented to the trial court in the summary-judgment motion, we hold the trial court reversibly erred by granting the motion. *See* Tex. R. Civ. P. 166a(c); *McConnell*, 858 S.W.2d at 341.

We sustain issues 1 and 2.

### III. CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Wise, Spain, and Hassan.

5